IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DONALD DOC VAUGHAN, JR.,

   Plaintiff,

v.

ONTEL PRODUCT CORP., and
THE LAKESIDE COLLECTION,

   Defendants.

Civil Action No.: JRR-22-1560

**MEMORANDUM ORDER**

Self-represented plaintiff Donald Doc Vaughan, Jr. filed the above-captioned Complaint along with a Motion for Leave to Proceed in Forma Pauperis on June 24, 2022. ECF Nos. 1, 2. As Plaintiff appears to be indigent, the Motion will be granted. However, for the reasons discussed below, the Complaint must be dismissed.

Plaintiff alleges that on August 3, 2021, he ordered an "ARCTIC AIR Pure Chill Evaporative Air Cool," made and sold by Defendants. ECF No. 1 at 2. He contends that despite following the instructions provided, he could not make the defective or damaged product work. *Id.* at 2-3. He further alleges that others have had similar issues with the product. *Id.* at 3. Plaintiff seeks compensation for emotional stress and lost damages. *Id.* at 4.

This court is mindful of its obligation to liberally construe the pleadings of self-represented litigants, such as the instant Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a complaint, the factual allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleadings to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Upon consideration of the Complaint, the Court finds a lack of subject matter jurisdiction. To provide a federal forum for plaintiffs who seek to vindicate federal rights, Congress has conferred on the district courts original jurisdiction over civil actions that arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331; *Exxon Mobil Corp. v. Allapattah Services, Inc.,* 545 U.S. 546, 552 (2005). Additionally, pursuant to 28 U.S.C. § 1332, district courts have diversity jurisdiction when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See Stouffer Corp. v. Breckenridge,* 859 F.2d 75, 76 (8th Cir. 1988); *McDonald v. Patton*, 240 F.2d 424, 425-26 (4th Cir. 1957).

Plaintiff does not claim, nor does he provide a basis to establish that he meets the amount in controversy requirement, conferring diversity jurisdiction to the Court over this case. *See* 28 U.S.C. § 1332(a) (2018) (providing federal jurisdiction over a state law claim if the parties are citizens of different states and the claim seeks more than the jurisdictional threshold amount). Furthermore, Plaintiff's claims, best construed as product liability claims, arise under state law. Plaintiff does not otherwise assert a federal claim nor allege facts that would support such a claim. As such, this Court does not have subject matter jurisdiction over the Complaint.

Because this Court lacks subject matter jurisdiction over this case, the Court must dismiss this action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Accordingly, it is this _14th__ day of July, 2022, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Complaint IS DISMISSED without prejudice for lack of subject matter jurisdiction;
2. The Clerk IS DIRECTED to MAIL a copy of this Order to Plaintiff; and

3. The Clerk SHALL CLOSE this case.

                                                                                                         /s/
                                                        Julie R. Rubin
                                                        United States District Judge